ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Trustees of the Teamsters Local 456 Pension, Health & Welfare, )
Annuity, Education & Training, S.U.B., Industry Advancement )
and Legal Services Funds and the Westchester Teamsters Local )
Union No. 456, )
       Plaintiffs, )
)
    -against- ) **COMPLAINT**
)
BRIGA TRUCKING, INC. and BRIGA LANDSCAPING INC., )
)
       Defendants. )

**08 CIV. 1219**
**JUDGE CONNER**

---

  Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456, (hereinafter referred to as the "UNION"), by and through their attorneys, BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC, allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

  1. This is a civil action based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

  2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

  3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to an executed collective bargaining agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and painting industry promotion fund and Union dues check-off on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement, the Trust Indentures and the Policy for Collection of Delinquent Contributions that concern the protection of employee benefit rights.

7. The Funds' maintain an office for the transaction of business at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

8. Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains its principal place of business at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

10. Upon information and belief, defendant Briga Trucking, Inc. (hereinafter referred to as "Briga Trucking" or "Signatory Employer"), at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002 (5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, Briga Trucking was and is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 35 Cedar Place, Rye, New York 10580 and engaged in the construction industry.

12. Upon information and belief, defendant Briga Landscaping Inc. (hereinafter referred to as "Briga Landscaping" or "Successor Employer"), at all relevant time, was and is an "employer" within the meaning of Section 3(5) and 515 of ERISA (29 U.S.C. Section 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft Hartley Act (29 U.S.C. Section 185).

13. Upon information and belief, Briga Landscaping was and is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 35 Cedar Place, Rye, New York 10580 and engaged in the construction industry.

## **GENERAL FACTUAL ALLEGATIONS**

14. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint, as if fully set forth herein.

15. Upon information and belief, defendant Briga Trucking executed a collective bargaining agreement with the Union. The Agreement provides, *inter alia*,:

> In order to protect and preserve, for the employees covered by this Agreement, all work heretofore performed by them: to protect the benefits to which Employees are entitled under this Agreement; and to prevent any device or subterfuge to avoid the protection and preservation of such work and benefits; it is hereby agreed as follows: if and when the Employer shall perform any work of the type covered by this Agreement, within the geographical area of this Agreement, under its own name or under the name of another, as a corporation, company, partnership, or any other business entity, including a joint venture, wherein the Employer (including its officers, directors, owners, partners, or stockholders) exercises either directly or indirectly any significant degree of ownership, management or control, the terms and conditions of this Agreement shall be applicable to all such work.

16. Upon further information and belief, the collective bargaining agreement executed between the Union and Briga Trucking has remained in effect from the year 2000 up through and including the present.

17. On information and belief, since 2001, Briga Landscaping has performed work within the jurisdiction of the Union and employed members of the Union. Upon further information and belief, Briga Landscaping failed to remit the corresponding fringe benefit contributions for labor performed by member of the Union.

18. Upon information and belief, Briga Trucking and Briga Landscaping are affiliated and/or related business enterprises at all times relevant to this action.

19. Upon further information and belief, Briga Trucking and Briga Landscaping have substantially the same ownership and management, similar or same business purpose, share assets, supervisors and/or

4

employees, equipment, customers, employees, and perform work within the trade and geographical jurisdictions of plaintiff Union.

20. Upon further information and belief, Briga Landscaping dominated Briga Trucking's business during the time the collective bargaining agreement was in effect and controlled the formation operations and labor relations of Briga Trucking.

21. Based on the foregoing, Briga Trucking and Briga Landscaping constitute a single employer and/or are alter egos and their employees constitute a single bargaining unit, and are bound by the collective bargaining agreement.

## **CLAIMS FOR RELIEF**

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "21" of this Complaint, as if fully set forth herein.

23. Upon information and belief, as a result of work performed by the individual employees of Briga Landscaping and Briga Trucking, there is due and owing to the Funds' unpaid fringe benefit contributions in an amount to be determined at trial, but believed to be in excess of $25,000.00.

24. Upon further information and belief, Briga Trucking and Briga Landscaping have violated the terms of the collective bargaining agreement insofar and Briga Landscaping has failed to remit fringe benefit contributions and dues owed to the Plaintiffs for labor performed by members of the Union within the Union's geographical jurisdiction.

25. Upon information and belief, Briga Trucking and Briga Landscaping knowingly and willfully violated the terms of the collective bargaining agreement by employing members of Union to perform work within the geographical jurisdiction of the Union and failing to remit the corresponding fringe benefit contributions and dues owed to the Plaintiffs.

26. As a result of Defendants' violation of the terms of the collective bargaining agreement, Plaintiffs have been injured in an amount to be determined at trial, but believed to be in excess of $25,000.00.

27. Based on the foregoing, Plaintiffs seek an Order requiring Defendants to submit to an audit to determine the amount of unpaid fringe benefit contributions and dues owed to the Plaintiffs, plus interest, liquidated damages, attorneys' fees, costs and disbursements.

**WHEREFORE,** Plaintiffs respectfully pray for Judgment as follows:

a. An Order requiring Defendants to permit and cooperate in an audit of Defendants' books and records by the Plaintiffs or their agents for the period 2001 through the present;

b. payment of all unpaid fringe benefit contributions and dues found due and owing to the Plaintiffs' pursuant to the audits, plus all interest, attorneys' fees, auditor fees and court costs and disbursements as mandated by Section 502 (g)(D) of ERISA, 29 U.S.C. Section 1132 (g)(2)(D); and

c. For such other and further relief as the Court deems appropriate.

Dated: February 4, 2008
Westchester, New York

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC

_____
Karin Arrospide (KA 9319)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

6